**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| REBECCA DELANEY, *as personal representative of the Estate of Justin Nicholas Miller*, ) ) ) ) Plaintiff, ) ) v. ) ) CASEPRO, INC., ) ) Defendant. ) ) | No. 9:14-cv-4355-DCN  **ORDER** |

This matter is before the court on a motion to remand filed by plaintiff Rebecca Delaney, as personal representative of the Estate of Justin Nicholas Miller ("Delaney"). For the reasons set forth below, the court grants Delaney's motion and remands the case to state court.

## I.  BACKGROUND

This case arises out of a February 24, 2012 incident in which Kalvin Hunt ("Hunt"), who was being treated by an employee of defendant CasePro, Inc. ("CasePro") at the Beaufort Naval Hospital, walked out of the hospital, stole a fire truck, and proceeded to run over pedestrian Justin Miller ("Miller") as Miller was crossing the road on foot. On November 1, 2012, Delaney brought suit in state court against CasePro and Beaufort County.[1] On February 21, 2014, Delaney amended her complaint, replacing Beaufort County with the South Carolina State Office of Veterans Affairs ("SCDVA"). On August 26, 2014, SCDVA filed a motion for summary judgment, to which Delaney

---

[1] Delaney also has a separate action on behalf of Miller's estate pending in this court against the United States and the United States Naval Hospital.

responded. The state court heard oral argument on October 6, 2014 and granted the motion on November 6, 2014.

On November 10, 2014, CasePro filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446. On December 10, 2014, Delaney filed a motion to remand. CasePro responded on January 27, 2015 and Delaney filed a reply on February 6, 2015. This matter has been fully briefed and is ripe for the court's review.

## II.  DISCUSSION

A defendant has a statutory right to remove to federal court any civil action brought in state court over which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a); Davis v. N.C. Dep't of Corr., 48 F.3d 134, 138 (4th Cir. 1995). Generally, a notice of removal must be filed within 30 days after the defendant receives the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b)(1). If the case stated by the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, if federal jurisdiction is based on diversity pursuant to 28 U.S.C § 1332, as is the case here, removal is subject to a statutory limitation: a defendant may not remove a case "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C § 1446(c).

If it appears that removal was improper, a party can move to remand the case to state court "within 30 days after the filing of the notice of removal . . . ." 28 U.S.C.

§ 1447(c). When removal is challenged, the defendant has the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Because federal courts are courts of limited jurisdiction, removal raises federalism concerns and must be strictly construed in favor of state court jurisdiction. Id. "If federal jurisdiction is doubtful, a remand is necessary." Id.

The parties do not dispute that they are diverse, that this case could not have been brought in state court as originally filed, or that CasePro filed its removal notice more than one year after the commencement of this action in state court. Rather, the sole issue before the court is whether Delaney, by alleging causes of action against SCDVA, acted in bad faith to prevent removal.

As recently noted by another court in this district, the Fourth Circuit has not addressed this issue, and only a handful of district courts in the circuit have weighed the bad faith exception in section 1446. Mansilla-Gomez v. Mid-S. Erectors, Inc., No. 0:14-cv-00308, 2014 WL 1347485, at *2 (D.S.C. Apr. 3, 2014); see also McDonald-Lerner v. Neurocare Associates, P.A., 2014 WL 1356602 (D. Md. Apr. 4, 2014) (finding that the defendants failed to make a sufficient showing that the plaintiffs acted in bad faith when they voluntarily dismissed certain parties more than a year after commencement of the action); Brown v. Wal-Mart Stores, Inc., 2014 WL 60044 (W.D. Va. Jan. 7, 2014) (finding bad faith where the plaintiff deliberately delayed providing a defendant with notice that the claim exceeded $75,000); Watts v. RMO Holdings, Ltd., 2012 WL 3860738 (S.D. W. Va. Sept. 5, 2012) (finding no evidence or indication of bad faith on the part of the plaintiffs). In a different context, another court in this district noted that "[a]lthough the term 'bad faith' is not defined in the Federal Rules of Civil Procedure,

courts have held that the term 'bad faith' connotes an action taken without any colorable legal or factual basis." Rutherford v. Cannon, No. 8:09-cv-2137, 2010 WL 3475283, at *1 (D.S.C. Sept. 2, 2010)

CasePro's argument that Delaney acted in bad faith is based entirely on the fact that the state court granted summary judgment on Delaney's claims against SCDVA. In doing so, the state court apparently held that Delaney did not have even a mere scintilla of evidence against SCDVA.[2] CasePro argues, therefore, that Delaney's actions in bringing the suit against SCDVA "suggest a deliberate attempt to include an in-state defendant in the case for the sole purpose of defeating complete diversity and preventing removal . . . ." Def.'s Resp. 4 (emphasis added).

Additionally, in their removal notice, CasePro cites Nele v. TJX Companies, Inc., for the proposition that "'bad faith' can take the form of fraudulent joinder of a defendant to defeat diversity." 2013 WL 3305269, at *3 (E.D. Penn. July 1, 2013). The doctrine of fraudulent joinder allows a federal court to "disregard, for jurisdiction purposes, the citizenship of certain [in-state] defendants, assume jurisdiction over a case, dismiss th[ose] defendants, and thereby retain jurisdiction."[3] Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). The party asserting fraudulent joinder has the "heavy burden" to "demonstrate either outright fraud in the plaintiff's pleading or that there is no possibility

---

[2] Neither party attaches the state court order granting summary judgment, but the South Carolina Supreme Court has held that "in cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment." Hancock v. Mid-S. Mgmt. Co., 673 S.E.2d 801, 803 (S.C. 2009).

[3] "The term 'fraudulent joinder' is a bit misleading, inasmuch as the doctrine requires neither a showing of fraud . . . nor joinder." Mayes, 198 F.3d at 466 n.8. "In fact, it is irrelevant whether the defendants were 'joined' to the case or originally included as defendants; rather, the doctrine is potentially applicable to each defendant named by the plaintiff either in the original complaint or anytime prior to removal." Id.

that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, . . . even after resolving all issues of law and fact in the plaintiff's favor." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks and citation omitted) (emphasis in original).  This standard is even more favorable to the plaintiff than the motion to dismiss standard under Rule 12(b)(6).  Id.  As always, the court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction."  Id. at 425 (internal quotation marks omitted).

While the state court judge ruled against Delaney on SCDVA's motion for summary judgment, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted."  Marshall v. Manville Sales Corp., 6 F.3d 229, 233 (4th Cir. 1993).  In other words, "a defendant is not fraudulently joined simply because the claims against him did not 'ultimately succeed.'"  Day v. Liberty Mut. Fire Ins. Co., 2013 WL 1890725, at *4 (N.D. W. Va. May 6, 2013).  As a result, a defendant "cannot satisfy its burden of demonstrating fraudulent joinder merely by pointing to the fact that the state court has ruled against [the plaintiff] on the merits of his claim."  Id. (citation omitted).

CasePro has not met their burden of showing bad faith, whether by fraudulent joinder or otherwise.  Delaney vigorously, albeit unsuccessfully, contested SCDVA's motion for summary judgment in the state court.  Notably, Edward Ray, the veterans' affairs officer who accompanied Hunt to the Naval Hospital on the day of the incident, passed away before he could be deposed.  In fact, he was the only person employed at the Beaufort County Veterans' Affairs Office on the day in question.  Therefore, it is entirely plausible that evidence related to Delaney's claims against SCDVA, if any, died with

Ray. Additionally, four related cases filed by different plaintiffs all named SCDVA as a defendant in their initial federal complaints.[4] These plaintiffs had no incentive to add SCDVA in order to prevent removal since they brought their claims in federal court in the first instance. Rather, these plaintiffs apparently also believed there was at least a potentially viable theory of liability against SCDVA.

Quite simply, "no evidence of bad faith has been presented, and this court will not presume such bad faith on the part of Plaintiff's counsel." Lever v. Jackson Nat. Life Ins. Co., No. 3:12-cv-03108, 2013 WL 436210, at *4 (D.S.C. Feb. 5, 2013). Therefore, the court grants Delaney's motion and remands this case to state court.

### III.  CONCLUSION

For the foregoing reasons, the court **GRANTS** Delaney's motion and **REMANDS** this case to state court.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 23, 2015**
**Charleston, South Carolina**

---

[4] In three of the cases—Miller v. CasePro, No. 9:13-cv-3395; Roberts v. CasePro, No. 9:13-cv-3394; and Franklin v. CasePro, No. 9:14-cv-289—the plaintiff did not object to SCDVA's motion for summary judgment, and therefore SCDVA is no longer a defendant. In Armstrong v. CasePro, No. 9:13-cv-2026, the plaintiff contested the motion but the case settled before the court issued an order.